AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**AIDAN WHITE,**<br><br>**Defendant.** | )<br>)<br>) Case No.  1:24-MJ-531(CFH)<br>)<br>)<br>)<br>)<br>) |

**FILED** U.S. DISTRICT COURT - N.D. OF N.Y.
NOV 14 2024
AT_____O'CLOCK
John M. Domurad, Clerk - Albany

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of August 19, 2024 in the county of Ulster in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846 | Conspiracy to distribute and possess with intent to distribute a controlled substance (500 grams or more of a mixture and substance containing a detectable amount of cocaine) |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒  Continued on the attached sheet.

_____
Complainant's signature
Kevin Laird, SA HSI
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: November    , 2024

City and State:  Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kevin Laird, being duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND OFFICER BACKGROUND

1. I am currently employed as a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and am assigned to the field office in Newburgh, New York. I have been employed by HSI for 20 years and have been tasked with investigating narcotics and gang-related cases on a full-time basis.

2. During my career in law enforcement, I have taken part in hundreds of narcotics- and gang-related investigations and numerous narcotics, gang and conspiracy-related training classes instructed by local, state and federal agencies. I have arrested numerous individuals for violations of federal and state narcotics laws. I have participated in the execution of many of search warrants resulting in the seizure of narcotics and proceeds thereof. I have also participated in the execution of orders authorizing the interception of wire and electronic communications, the subject of which were the possession and sale of narcotics and guns. As a result, I am familiar with the technical aspects of intercepting wire and electronic communications.

3. Additionally, I have interviewed and worked with reliable confidential informants, whose assistance resulted in the controlled purchases of narcotics and guns, and the introduction of undercover police officers to persons who engage in the sale of narcotics and guns. I have attended several schools and seminars, including those given by the DEA, New York/New Jersey High Intensity Drug Trafficking Area program ("HIDTA"), HSI and other agencies of which concern the enforcement of the laws prohibiting the trafficking of narcotics, guns and money laundering, as well as the packaging and concealment of narcotics. Because of these experiences, I am familiar with the coded language, conduct, and customs of people engaged in conspiracies to

violate the drug, gun and money laundering laws of New York and the United States.

4. This affidavit is intended to show merely that there is probable cause for a complaint, and consequently it does not set forth all of my knowledge about the matters under investigation. Where statements of others are related in this affidavit, they are related in substance and in part.

5. I submit this affidavit in support of a criminal complaint charging AIDAN WHITE ("WHITE") with a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846 (Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance (cocaine)) by knowingly and intentionally conspiring with another to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## STATUTE

6. Title 21, United States Code, Section 841(a)(1) provides, in pertinent part, that: "It shall be unlawful for any person knowingly or intentionally … possess with intent to manufacture, distribute, or dispense, a controlled substance…."

## PROBABLE CAUSE

### Investigation

7. In or around August 2023 through November 2024, HSI and the Ulster Regional Gang Enforcement and Narcotics Team (URGENT) conducted an investigation into a drug trafficking organization ("DTO") operating in areas of Kingston, New York and New York City. Pursuant to this investigation, investigators identified co-conspirator 1 ("CC-1") as the leader of the DTO who received supplies of cocaine from New York City-based supplier, co-conspirator 2 ("CC-2"), and redistributed that cocaine to others in Kingston, New York, WHITE.

8. On July 30, 2024, United States District Court Judge Mae A. D'Agostino in the Northern District of New York issued an order that authorized the interception of wire communications occurring over CC-1's telephone number (hereinafter, "CC-1's Phone"). Pursuant to the July 30 Order, between August 17 and August 18, 2024, investigators intercepted communications over CC-1's Phone arranging to purchase cocaine from CC-2 at CC-1's residence in Ulster County for re-distribution to WHITE.

9. On August 17, 2024, investigators intercepted a telephone call between CC-1 and CC-2 during which CC-1 requested a "whole one," which is a commonly used term by drug distributors to refer to a kilogram of a controlled substance, for resale to WHITE. The following day, on August 18, 2024, investigators then observed WHITE meet with CC-1 in a public location where WHITE handed CC-1 a backpack. At the same time, investigators intercepted a telephone call between CC-1 and CC-2 during which CC-1 instructed CC-2 to start driving to CC-1's residence.

10. At approximately 2:15 p.m. on August 18, 2024, law enforcement saw CC-2 arrive at CC-1's residence. CC-2 entered CC-1's residence where CC-2 remained for only minutes. CC-2 then left CC-1's residence and returned to the New York City area where he remained for multiple hours. Thereafter, CC-2 left the New York City area and returned to CC1-s residence. CC-1 welcomed CC-2 into his residence where CC-2 remained for approximately five minutes before returning to the New York City area.

11. The following day, August 19, 2024, at approximately 12:48 p.m., investigators observed WHITE leave his residence and travel to CC-1's residence. At approximately 1:04 p.m., investigators saw WHITE arrive at CC-1's residence and meet with CC-1. Approximately 6

minutes later, WHITE left CC-1's residence. Thereafter, law enforcement conducted a traffic stop of WHITE's vehicle and recovered approximately 1,475 grams of cocaine from WHITE's vehicle.

12. Based on the foregoing, as well as my training and experience, and knowledge of this investigation, DUNN obtained cash from CC-2 and provided that cash to CC-1 who traveled with the cash to the New York City area to obtain the cocaine. CC-1 then traveled back to DUNN's residence and provided DUNN with the cocaine that DUNN thereafter distributed to CC-2.

13. Based on the above, your affiant submits that there is probable cause to conclude that DUNN has violated Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846 (Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance (cocaine)) by knowingly and intentionally conspiring with another to distribute 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance.

**Attested to by the affiant.**

_____
Kevin Laird
Special Agent
HSI

I, the Honorable Christian F. Hummel, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on November    , 2024 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Honorable Christian F. Hummel  Daniel Stewart
United States Magistrate Judge
Northern District of New York